STATE OF NORTH CAROLINA v. JAMES THOMAS BROWN, Defendant

No. COA00-1057

(Filed 16 October 2001)

### 1. Sentencing— Habitual Felons Act—constitutionality

The Habitual Felons Act is not unconstitutional and it does not violate the separation of powers clause under N.C. Const. art. I, § 6; the double jeopardy clause under U.S. Const. amends. V, XIV, and N.C. Const. art. I, § 19; or defendant's equal protection rights under U.S. Const. amend. XIV and N.C. Const. art. I, § 19.

### 2. Sentencing— Habitual Felons Act—ambiguity

The Habitual Felons Act is not ambiguous with regard to when a person becomes an habitual felon since a defendant becomes an habitual felon when he is convicted of the third qualifying felony, and therefore, the rule of lenity does not apply.

### 3. Sentencing— habitual felon—presumptive range—mitigating range

The trial court did not abuse its discretion by sentencing defendant as an habitual felon for sale and delivery of marijuana at the low end of the presumptive range rather than in the mitigated range even though defendant presented evidence of mitigating factors, because the trial court is required to make findings of mitigating factors only if it departs from the presumptive range of sentences specified under N.C.G.S. § 15A-1340.17(c)(2).

Appeal by defendant from judgment entered 14 April 2000 by Judge Catherine C. Eagles in Moore County Superior Court. Heard in the Court of Appeals 15 August 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Amy C. Kunstling, for the State.*

*Cunningham, Dedmond, Petersen & Smith, L.L.P., by Bruce T. Cunningham, Jr., for defendant-appellant.*

HUDSON, Judge.

Defendant appeals his sentence as an habitual felon for sale and delivery of marijuana. We overrule all assignments of error.

STATE v. BROWN

[146 N.C. App. 590 (2001)]

Defendant was indicted on 6 April 1998 on charges of possession with intent to manufacture, sell, and deliver marijuana and sale and delivery of marijuana. On 14 September 1998, Defendant was indicted as an habitual felon. Defendant was tried before a jury and, on 13 April 2000, Defendant was convicted of two counts of possession with intent to sell or deliver marijuana, two counts of sale of marijuana, and of being an habitual felon. The trial court arrested judgment on the possession convictions, consolidated the remaining convictions, and sentenced Defendant as an habitual felon to 80-105 months imprisonment. Defendant appeals his sentence.

Additionally, on 12 October 2000, Defendant filed a motion for appropriate relief ("MAR") with this Court, pursuant to N.C. Gen. Stat. §§ 15A-1415, -1418(a) (1999). Defendant alleges in his MAR that the Moore County District Attorney abused his discretion by failing to exercise it, and that this abuse of discretion resulted in violations of Defendant's constitutional rights.

I.

[1] In his first assignment of error, Defendant argues that the Habitual Felons Act ("the Act"), see N.C. Gen. Stat. §§ 14-7.1 to -7.6 (1999), is unconstitutional on the following grounds: (1) the Act violates the Separation of Powers Clause of the North Carolina Constitution, see N.C. Const. art. I, § 6; (2) the combined use of the Act and Structured Sentencing, see N.C. Gen. Stat. §§ 15A-1340.10 to -1340.23 (1999), violates the Double Jeopardy Clause of the U.S. Constitution, see U.S. Const. amends. V, XIV, and the North Carolina Constitution, see N.C. Const. art. I, § 19; and (3) the Moore County District Attorney's policy of indicting as habitual felons all persons eligible under the Act is an abuse of discretion and violated Defendant's equal protection rights under the U.S. Constitution and the North Carolina Constitution, see U.S. Const. amend. XIV; N.C. Const. art. I, § 19. We overrule this assignment of error on all grounds.

This Court has previously rejected the argument that the Act violates the separation of powers. See State v. Wilson, 139 N.C. App. 544, 533 S.E.2d 865, appeal dismissed and disc. review denied, 353 N.C. 279, 546 S.E.2d 394 (2000). This panel has rejected Defendant's remaining arguments in State v. Brown, 146 N.C. App. 299, —— S.E.2d —— (Sept. 18, 2001) (No. COA00-1039) (rejecting the claim that the combined use of the Habitual Felon Act and Structured Sentencing subjects a defendant to double jeopardy), and in State v. Parks, 146

N.C. App. ——, —— S.E.2d —— (Oct. 16, 2001) (No. COA00-1275) (rejecting the claim that indicting as habitual felons all eligible defendants violates equal protection). In particular, this Court held in *Parks* that the Moore County District Attorney did not abuse his discretion by adopting a policy of prosecuting all defendants who qualify as habitual felons. We are bound by those decisions. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Accordingly, this assignment of error is overruled. Because we have found that the Moore County District Attorney did not abuse his discretion, we deny Defendant's MAR.

II.

[2] In his second assignment of error, Defendant argues that the Habitual Felon Act is ambiguous with regard to when a person becomes an habitual felon, and consequently, the rule of lenity requires that his indictment as an habitual felon be dismissed. Because we find no such ambiguity, we overrule this assignment of error.

The Act provides in relevant part that "[w]hen an habitual felon as defined in this Article commits any felony under the laws of the State of North Carolina, the felon must, upon conviction or plea of guilty under indictment as provided in this Article . . . be sentenced as a Class C felon." N.C.G.S. § 14-7.6. An "habitual felon" is defined as follows: "Any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof *is declared to be* an habitual felon." *Id.* § 14-7.1 (emphasis added). To be convicted as an habitual felon, a defendant who commits a felony after he has qualified as an habitual felon must be charged as an habitual felon in the indictment charging the principal felony, and there must be a separate indictment charging the defendant with being an habitual felon. *See id.* § 14-7.3. Only after the jury finds the defendant guilty of the principal felony may the bill of indictment charging the defendant as an habitual felon be presented to the same jury. *See id.* § 14-7.5.

Defendant argues that the language of the statute indicates that a defendant is not an habitual felon until the jury finds him guilty of being an habitual felon. Thus, according to Defendant, he did not become an habitual felon until the jury returned its verdict to that effect on 13 April 2000, which occurred after Defendant had committed the instant offense. Defendant concludes that he was

not an habitual felon when he committed the instant offense, and it was error for the trial court to sentence him as an habitual felon.

Anticipating the contrary argument that the statute provides that a defendant becomes an habitual felon once he has been convicted of the third qualifying felony, *see id.* § 14-7.1, Defendant argues that this interpretation would render superfluous the jury's role in convicting a defendant of being an habitual felon, *see id.* § 14-7.5. Thus, Defendant contends that the statute is internally inconsistent and ambiguous.

We find the statute to be clear. A defendant becomes an habitual felon when he is convicted of the third qualifying felony. The jury's role in convicting the defendant of being an habitual felon is not, however, superfluous; rather, the requirement that a jury convict a defendant of being an habitual felon safeguards the defendant's rights in that the State must prove to the satisfaction of a jury that the defendant has in fact been convicted of three qualifying felonies. Because the statute is not ambiguous, the rule of lenity has no application here. Accordingly, this assignment of error is overruled.

## III.

**[3]** Finally, Defendant argues that the trial court erred by failing to sentence him in the mitigated range. Specifically, Defendant asserts that he presented uncontradicted evidence of mitigating factors. He interprets the trial court's statement that "I will not make any findings in aggravation or mitigation, but I have considered all the factors in sentencing at the lower end of the presumptive range and consolidating, as well as all the other factors which would make that appropriate" to indicate that the court thought a mitigated sentence was appropriate and justified, based on Defendant's evidence on mitigation, yet sentenced Defendant in the presumptive range. Defendant contends that the court erred in sentencing Defendant at the low end of the presumptive range instead of in the mitigated range.

Defendant was sentenced within the presumptive range. Thus, he is not entitled as a matter of right to appeal his sentence. *See* N.C. Gen. Stat. § 15A-1444(a1) (1999). Defendant has not petitioned for a writ of certiorari. *See id.* Accordingly, we would ordinarily be without jurisdiction to hear this issue. *See State v. Waters*, 122 N.C. App. 504, 505, 470 S.E.2d 545, 546 (1996) (per curiam). However, we treat Defendant's argument on this issue as a petition for writ of certiorari,

which we allow, and thus reach the merits of the issue. *See State v. Jarman*, 140 N.C. App. 198, 201, 535 S.E.2d 875, 878 (2000).

Although the trial court must consider evidence of aggravating or mitigating factors, it is within the court's discretion whether to depart from the presumptive range. *See* N.C.G.S. § 15A-1340.16(a); N.C.G.S. § 15A-1340.16(b) ("If the court finds that aggravating or mitigating factors exist, it *may* depart from the presumptive range of sentences specified in G.S. 15A-1340.17(c)(2)." (emphasis added)). Additionally, the court is required to make findings of mitigating factors "only if, in its discretion, it departs from the presumptive range of sentences specified in G.S. 15A-1340.17(c)(2)." N.C.G.S. § 15A-1340.16(c).

The court here, after hearing Defendant's evidence regarding mitigation, determined, in its discretion, not to depart from the presumptive range; hence, as the court explained, it did not make findings of mitigating factors. We find no abuse of discretion. *See State v. Chavis*, 141 N.C. App. 553, 568, 540 S.E.2d 404, 415 (2000) (finding no error when court imposed presumptive sentence despite defendant's undisputed evidence in mitigation). Accordingly, this assignment of error is overruled.

"Motion for Appropriate Relief" denied.

No error.

Judges WALKER and McGEE concur.