STATE OF NORTH CAROLINA v. GEORGE LEWIS CATES, JR., DEFENDANT

No. COA01-1376

(Filed 17 December 2002)

**1. Appeal and Error— Court of Appeals—no en banc authority**

Neither the legislature nor the Supreme Court has established a procedure by which the Court of Appeals may sit en banc.

**2. Sentencing— rule of lenity—use of prior offenses—habitual felon status—statute not ambiguous**

The rule of lenity was not violated by the prosecutor's choice of prior offenses with lesser sentencing points for habitual felon status, so that defendant's sentence was enhanced more than if the prosecutor had selected the higher point offenses (prior offenses used for habitual offender status may not be used to determine prior record level). The rule of lenity forbids interpretation of a statute to increase a penalty beyond the legislature's intent only when the applicable statute is ambiguous.

---

STATE v. CATES

[154 N.C. App. 737 (2002)]

**3. Sentencing— habitual felon—grant program—no financial incentive for prosecution**

The prosecutor did not have a financial incentive to indict defendant as an habitual felon where there was a federal grant program for the prosecution of habitual felons, but the grant prosecutor was not involved in defendant's case and there was no evidence of a relationship between the number of prosecutions and the continuation of the grant.

**4. Sentencing— habitual felon—not double jeopardy**

The combined effect of the Habitual Felon Act and the Structured Sentencing Act did not violate double jeopardy.

**5. Sentencing— habitual felon—relationship to underlying felony**

The trial court did not err by not dismissing an habitual felon indictment where defendant argued that he was not an habitual felon when he committed the principle felony.

**6. Sentencing— habitual felon—not cruel and unusual punishment**

An habitual felon sentence did not violate the constitutional prohibition on cruel and unusual punishment.

Appeal by defendant from judgment entered 9 July 2001 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 21 August 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

*Bruce T. Cunningham, Jr., for the defendant-appellant.*

HUDSON, Judge.

On 24 March 1999, a jury found defendant guilty of possession of heroin and of the status of habitual felon. The court imposed a prison sentence of a minimum of 133 months and a maximum of 169 months. Defendant appealed his convictions to this Court, which found no error in *State v. Cates*, 137 N.C. App. 385, 533 S.E.2d 305 (Table), *disc. review denied*, 352 N.C. 151, 544 S.E.2d 230 (2000). Subsequently, defendant filed a Motion to Dismiss Habitual Felon Indictment and for other relief with the Superior Court in Durham County. The court recalculated defendant's sentence as a minimum of 80 months to a

maximum of 105 months and denied his motion to dismiss the habitual felon indictment. Defendant appeals the denial of his motion to dismiss the habitual felon indictment.

**[1]** In addition to his appeal, defendant filed a Motion for Appropriate Relief with this Court, in which he contends (1) that his conviction violates his right to due process under the Fourteenth Amendment to the United States Constitution and (2) that he may not be punished for a crime of which he was acquitted. Defendant also filed a "Motion for En Banc Hearing, or in the Alternative, Second Motion for Appropriate Relief" with this Court requesting that the Court sit en banc to consider overruling one of its own previous decisions. Finding no merit in defendant's contentions, we deny these motions and note that neither the legislature nor the Supreme Court by rule-making has established a procedure by which this Court may sit en banc, if indeed the North Carolina Constitution permits such sitting.

**[2]** In his first argument on appeal, defendant contends that "the prosecutor's manipulation of the defendant's prior record to increase the points used for structured sentencing purposes violated the [defendant's] rights secured by the due process clause of the Fourteenth Amendment to the United States Constitution." Pursuant to N.C. Gen. Stat. § 14-7.1 (2001), "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon." N.C. Gen. Stat. § 14-7.6 (2001) describes how an habitual felon shall be sentenced: "the felon must, upon conviction or plea of guilty under indictment as provided in this Article (except where the felon has been sentenced as a Class A, B1, or B2 felon) be sentenced as a Class C felon. In determining the prior record level [of the defendant], convictions used to establish a person's status as an habitual felon shall not be used." Defendant argues that the prosecuting attorney intentionally selected as the basis for the habitual felon status three prior offenses that carried only two sentencing points each. As a result, he contends, his sentence was unfairly enhanced more than if the prosecuting attorney had selected three higher point prior offenses to establish habitual felon, leaving offenses with a lower point total to determine his prior record level. *See* N.C.G.S. § 14-7.6. Defendant argues that this selection violated the "Rule of Lenity" and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The rule of lenity is a principle of statutory construction that "forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated such an intention." *State v. Boykin,* 78 N.C. App. 572, 577, 337 S.E.2d 678, 681 (1985); *see also Bell v. United States,* 349 U.S. 81, 99 L. Ed. 905 (1955) (defining the rule of lenity). The rule of lenity only applies when the applicable criminal statute is ambiguous. Defendant contends that the Habitual Felon Act is ambiguous because it fails to specify "which of the defendant's prior convictions should be selected to obtain the indictment." In *State v. Brown,* 146 N.C. App. 590, 592, 553 S.E.2d 428, 429 (2001), *disc. review denied,* 356 N.C. 306, 570 S.E.2d 734 (2002), the defendant argued that the Habitual Felon Act was ambiguous with regard to when a person becomes an habitual felon. Finding no ambiguity in that aspect of the statute, we held that the rule of lenity did not apply. *Id.,* 553 S.E.2d at 429-30. Similarly, here we see no ambiguity in the directive as to the use of prior convictions pursuant to N.C.G.S. § 14-7.6. By declining to place additional limits on the prosecutor's choices among prior convictions, except to prohibit double usage, the legislature did not intend to limit the prosecutor's discretion in making such choices. Defendant's first assignment of error is overruled.

[3] In his second argument, defendant contends that the trial court erred in denying his motion to dismiss the habitual felon indictment because the prosecutor had a financial incentive to indict the defendant as an habitual felon. He bases his argument on the existence of a grant program for prosecution of habitual felon cases. Here, however, the "grant" prosecutor in Durham County had no involvement in defendant's case, and there is no evidence of any relationship between the number of prosecutions and the continuation of the grant. Thus the record reveals no financial incentive for this prosecutor to have indicted this defendant as an habitual felon.

[4] In his third argument, defendant contends that the combined use of the Habitual Felon Act and Structured Sentencing constitutes double jeopardy in violation of the United States Constitution. In *State v. Brown,* this Court rejected this argument, and we are bound by the decision in that case. 146 N.C. App. 299, 301-02, 552 S.E.2d 234, 235-36 (2001), *cert. denied,* 122 S.Ct. 2305, 152 L. Ed. 2d 1061 (2002). Defendant's third assignment of error is overruled.

[5] In his fourth argument, defendant contends that the trial court erred in denying his motion to dismiss the habitual felon indictment

because he was not an habitual felon when he committed the principal underlying felony. Again, in *Brown*, we rejected this argument and are bound by that decision. *See* 146 N.C. App. at 593, 553 S.E.2d at 430. Defendant's fourth assignment of error is overruled.

**[6]** In his final argument, defendant contends that his sentence violates his right to be free from cruel and unusual punishment as secured by the Eighth and Fourteenth Amendments to the United States Constitution. Habitual felon laws have withstood scrutiny under the Eighth Amendment to the United States Constitution in our Supreme Court and in the United States Supreme Court. *Rummell v. Estelle*, 445 U.S. 263, 63 L. Ed. 2d 382 (1980); *State v. Todd*, 313 N.C. 110, 326 S.E.2d 249 (1985).

Affirmed.

Motion for Appropriate Relief denied. Motion for En Banc Hearing, or in the Alternative, Second Motion for Appropriate Relief denied.

Judges WYNN and CAMPBELL concur.