STATE OF NORTH CAROLINA
v.
DANA EUGENE WOLFE
No. COA08-38.
Court of Appeals of North Carolina
Filed April 7, 2009.
This case not for publication
Leslie C. Rawls for defendant-appellant.
Attorney General Roy Cooper, by Assistant Attorney General Margaret A. Force for State.
ERVIN, Judge.
On 24 September 2007, a jury found Dana Eugene Wolfe (Defendant) guilty of first degree arson. Based on his conviction, the trial court entered judgment imprisoning Defendant. From this judgment, Defendant appeals. On appeal, Defendant contends that the trial court erred during the sentencing process by failing to find the existence of certain specified mitigating factors and by penalizing him for his decision to proceed to trial. We dismiss in part and find no error in part.

Facts
Shortly after 11:00 p.m. on 6 June 2006, Defendant and his nephew, Brian Walker (Walker), purchased fireworks at a local K-Mart in Burlington, North Carolina. At the time that he paid for this purchase, Defendant told the store clerk that he planned to play a prank on a friend. Defendant, Walker, and Walker's girlfriend, Amanda Isley (Isley), then drove to the apartment of Nicholas Collara (Collara).
After arriving at Collara's apartment, Defendant and Walker exited the car, went to the rear of the building, and threw fireworks onto Collara's deck. According to their testimony at trial, both Defendant and Walker initially threw "Silver Salute" sparklers onto Collara's balcony, after which Walker returned to Isley's car, obtained a larger "Firecracker Fountain," and, despite discouraging comments from Defendant, threw it onto Collara's balcony as well. At the time of their initial interviews with officers of the Burlington Police Department, however, neither Defendant nor Walker told investigating officers that Defendant discouraged Walker from using the "Firecracker Fountain" or that Walker threw the larger incendiary device onto Collara's balcony by himself.
After Walker threw the "Firecracker Fountain," he ran back to the car and Isley drove away. As the group left the area, Defendant saw smoke coming from "directly behind Nick Collara's apartment . . . ." Even so, the trio rode off without waiting to see if the smoke stopped.
The apartment building caught on fire quickly. Collara and a friend were inside the apartment building when the fireworks were thrown onto his balcony. After a neighbor alerted him that the building was on fire, Collara started to leave and then returned to retrieve his cat. Upon opening the door to his bedroom during this return visit, Collara observed that the corner of the room was on fire. By the time that he removed the cat from behind his dryer and ran back outside, half of the room was on fire.
Although all of the occupants of the apartment building were safely evacuated, Collara's apartment and belongings were destroyed. Other residents sustained property losses as a result of the fire as well. Repairs to the building necessitated by the fire totaled $181,000.
Lieutenant Stuart L. Cozort, III (Cozort), of the Burlington Fire Department examined the scene and tested both types of fireworks that were allegedly used by Defendant and Walker. According to Cozort, the fire resulted from the intentional placement of the fireworks on the apartment deck. Cozort could not say with certainty which type of firework actually caused the fire. However, he opined that both types were capable of causing the fire.
Walker entered into a negotiated plea with the State under which he pled guilty to a charge of attempted first degree arson and was sentenced for a minimum of 29 months and a maximum of 44 months imprisonment. Defendant entered a not guilty plea and went to trial. On 24 September 2007, a jury found Defendant guilty of first degree arson. The trial court sentenced Defendant to a minimum of 84 months and a maximum of 110 months in the custody of the North Carolina Department of Correction. Following the entry of judgment, Defendant appealed.

Issues
Defendant argues on appeal that the trial court erred by (1) failing to find the existence of four mitigating factors during the sentencing process[1] and (2) sentencing the Defendant, at least in part, based on his decision to proceed to trial rather than enter a guilty plea.

Motion to Dismiss
Prior to analyzing the claims presented by Defendant, we must first consider the State's assertion that Defendant is not entitled to assert those claims on appeal as a matter of right. The right to appeal in a criminal case is statutory in nature. State v. Pimental, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002), dis. rev. den., 356 N.C. 442, 573 S.E.2d 163 (2002); State v. McBride, 120 N.C. App. 623, 624, 463 S.E.2d 403, 404 (1995), aff'd, 344 N.C. 623, 476 S.E.2d 106 (1996). "A defendant who has entered a plea of not guilty to a criminal charge, and who has been found guilty ofa crime, is entitled to appeal as a matter of right." N.C. Gen. Stat. § 15A-1444(a) (2007). Without more, N.C. Gen. Stat. § 15A-1444(a) (2007) appears to give a criminal defendant who entered a plea of not guilty and was convicted by a jury the right to appeal and to raise any issue listed in N.C. Gen. Stat. § 15A-1442 (2007) during that process. However, N.C. Gen. Stat. § 15A-1444(a1) (2007) provides that:
[a] defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by the evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense
Thus, N.C. Gen. Stat. § 15A-1444(a1) (2007) precludes a defendant from challenging the sufficiency of the evidence to support his or her sentence when he or she was sentenced within the appropriate presumptive range.
The State contends that Defendant has no to right appeal issues relating to his sentence because the minimum sentence imposed upon him by the trial court was within the appropriate presumptive range. N.C. Gen. Stat. § 14-58 (2007) provides that a defendant convicted of first degree arson is punishable as a Class D felon. The trial court found that Defendant had six prior record points, so that he should be classified as Level III for sentencing purposes. The 84 month minimum sentence imposed upon Defendant is at the lower end of the presumptive range for individuals with a prior record level of III sentenced for committing a Class D felony. N.C. Gen. Stat.§ 15A-1340.17(c) (2007). As a result, Defendant is precluded by N.C. Gen. Stat. § 15A-1444(a1) (2007) from challenging the sufficiency of the evidence to support his sentence on appeal. State v. Hill, 179 N.C. App. 1, 26, 632 S.E.2d 777, 792 (2006); State v. Brown, 146 N.C. App. 590, 593, 553 S. E. 2d 428, 430 (2001), dis. rev. den., 356 N.C. 306, 570 S.E.2d 734 (2002). The contention that the trial court failed to find certain specific mitigating circumstances is, in essence, a challenge to the sufficiency of the evidence to support Defendant's sentence. State v. Hill, 179 N.C. App. at 26, 632 S.E.2d at 792.[2] Thus, the State correctly contends that the Defendant has no right to appeal the trial court's refusal to find the existence of certain specific mitigating circumstances during the sentencing process.[3] While the State correctly argues that Defendant is not entitled to challenge the trial court's failure to find certain matters in mitigation of Defendant's sentence on appeal, the same is not true of the Defendant's challenge to the trial court's alleged adverse comment on his decision to go to trial rather than enter a guilty plea. As the Court has already noted, a criminal defendant who enters a not guilty plea and is convicted by a jury is entitled to appeal to the Appellate Division pursuant to N.C. Gen. Stat. § 15A-1444(a) (2007). Defendant's challenge to the trial court's comments during the sentencing process amounts to a claim that an "other error of law was committed by the trial court to the prejudice of defendant." N.C. Gen. Stat. § 15A-1442(6) (2007). As a result of the fact that Defendant is not, by means of his second argument, attempting to challenge the sufficiency of the evidence to support his sentence, N.C. Gen. Stat. § 15A-1444(a1) (2007); the fact that no other statutory provision precludes him from raising this issue on appeal from the judgment entered against him; and the fact that Defendant was not required to object to the trial court's comments at the time of sentencing in order to preserve this issue for appeal, State v. Person, 187 N.C. App. 512, 525-526, 653 S.E.2d 560, 569 (2007), Defendant is entitled to challenge the trial court's comments on appeal to this Court. State v. Hagans, ___ N.C. App. ___, ___, 656 S.E.2d 704, 706 (2008) (appellate argument that trial court biased against defendant not barred by N.C. Gen. Stat. § 15A-1444(a1) (2007)). We conclude that the State's motion to dismiss should be allowed as to Defendant's first claim and that the State's motion to dismiss should be denied as to Defendant's second claim.

Standard of Review
Assignments of error alleging that the trial court considered an improper factor during the sentencing process, such as the defendant's decision to go to trial rather than enter a plea of guilty, are reviewed de novo. State v. Person, 187 N.C. App. 512, 525-528, 653 S.E.2d 512, 569 (2007); State v. Gantt, 161 N.C. App. 265, 271-273, 588 S.E.2d 893, 897. (2008)

Analysis
A sentence imposed within the statutory limit is presumed valid. State v. Boone, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). "If the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence, the presumption of regularity is overcome, and the sentence is in violation of defendant's rights." Id at 712, 239 S.E.2d at 465 (citing State v. Swinney, 271 N.C. 130, 155 S.E.2d 545 (1967)). On the basis of this general principle, the Supreme Court has held that a criminal defendant may not be subjected to an enhanced sentence because he or she decided to exercise his or herconstitutional right to trial by jury. State v. Cannon, 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990).
Where it can reasonably be inferred from the language of a trial judge that the sentence was imposed at least in part because the defendant did not agree to a plea offer by the [S]tate and insisted on a trial by jury defendant's constitutional right to trial by jury has been abridged, and a new sentencing hearing must result.
Id. During the sentencing proceeding, the trial court stated:
You're also aware that had you really accepted criminal responsibility for this action, you could have been sentenced at the same level of [sic] Mr. Walker, but you chose not to do that. You chose to take your chances with a jury trial.
The trial court rejected Defendant's request for a mitigated sentence because Defendant's conduct was "extremely reckless." Defendant contends that the quoted statement evidences a decision by the trial court to refrain from imposing a sentence in the mitigated range based on Defendant's decision to exercise his right to trial by jury. The State argues, on the other hand, that the trial court made the disputed comment as a permissible response to Defendant's argument that the lesser sentence imposed upon Walker, who "is doing 29 to 44 months as a result of a plea offer," should "be a mitigating factor that the Court should take into consideration."
A careful analysis of the trial court's comments, taken in context, does not demonstrate that the trial court sentenced Defendant based upon impermissible considerations. Prior to the imposition of sentence, Defendant requested the trial court to find the potential disparity between the Defendant's sentence and that of Walker, who had accepted a plea agreement, as a mitigating factor. At trial, Defendant argued that Walker had greater culpability than he did by contending that Walker had thrown a more potent firework than he had thrown and that Defendant had tried to dissuade Walker from throwing the "Firecracker Fountain." Moreover, Defendant expressed a desire to take personal responsibility for his actions by helping to rebuild the destroyed apartments. The trial court responded to this argument by stating, as quoted above, that had Defendant really accepted responsibility in the same way that Walker did, he could have received a comparable sentence. Essentially, the trial court simply pointed out that he decided to reject Defendant's requested mitigating factor because Defendant and Walker were not similarly situated: Walker admitted guilt and testified for the State while Defendant did not. A refusal to adopt a mitigating factor is simply not synonymous with treating a defendant's decision to assert his right to a trial by jury as an aggravating factor for purposes of sentencing.
As this Court has previously stated, "judges must take care to avoid using language that could give rise to an appearance that improper factors have played a role in the judge's decision-making process even when they have not." State v. Tice, ___ N.C. App. ___, ___, 664 S.E.2d 368, 375 (2008). Unlike State v. Cannon, 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990) (trial court threatened to impose the maximum sentence if defendant went to trial); State v. Peterson, 154 N.C. App. 515, 516, 571 S.E.2d 883, 884 (2002) (trial courtstated that the defendant was a "master manipulator" who "attempted to be a con artist with the jury" and lost); or State v. Pavone, 104 N.C. App. 442, 446, 410 S.E.2d 1, 3 (1991) (trial court stated that defendant was in a different posture because he tried the case out), the trial court did not explicitly state in this case that Defendant's decision to exercise his right to a jury trial affected his sentence. See also Boone, 293 N.C. at 712, 239 S.E.2d at 465 (trial court expressly stated that he would be compelled to impose an active sentence because Defendant entered a not guilty plea and the jury had convicted him) (emphasis added). On the contrary, the trial court's remarks more closely resemble those in which no improper motivation was found. State v. Johnson, 320 N.C. 746, 753, 360 S.E.2d 767 (1987) (trial court stated that he had considered the evidence and the arguments of counsel following a prosecutorial argument that defendant should not receive consideration because he did not plead guilty); State v. Tice, ___ N.C. App. ___, 664 S.E.2d 368, 373 (2008) (trial court noted that the State had given him an ample opportunity to dispose of his case "in a more favorable fashion" before imposing sentence based on other factors); State v. Person, 187 N.C. App. 512, 527-28, 653 S.E.2d 560, 569 (2007) (trial court responded to the defendant's expressed desire to prove that he "was [an] honorable law abiding, caring, loving man [and] citizen" by pointing out that he had turned down a plea agreement calling upon him to testify for the State); State v. Gantt, 161 N.C. App. 265, 272, 588 S.E.2d 893, 898 (2003) (trial court responded to a defense request for a mitigated sentence by pointing out thatDefendant turned down a plea offer). A careful examination of these decisions reveals that a mere comment on the availability of a rejected plea offer or a direct response to a defense argument does not evidence the consideration of an impermissible consideration during the sentencing process. As a result of the fact that the trial court did not explicitly state that he was punishing Defendant for deciding to go to trial, that the trial court cited other considerations in support of his decision not to impose a mitigated sentence upon Defendant, and that the trial court's comments constituted a response to a defense argument distinguishing between the culpability of Defendant and Walker, the record does not establish that the trial court relied upon an impermissible factor in sentencing Defendant. The trial court's comments closely resemble those at issue in Person given their origin in a colloquy between Defendant and the trial court. Our conclusion is reinforced by the fact that the sentence actually imposed upon Defendant was near the low end of the presumptive range for individuals with a prior record level of III sentenced for committing a Class D felony. E.g., State v. Gantt, 161 N.C. App. 265, 273, 588 S.E.2d 893, 898 (2003); N.C. Gen. Stat. § 15-1340.17(c) (2007). We do, however, believe that the trial court's comments were ill-advised and once again urge the members of the trial judiciary to refrain from making similar comments in the future. See State v. Tice, ___ N.C. ___, ___, 664 S.E.2d 368, 375 (2008); State v. Person, 187 N.C. App. 512, 528, 653 S.E.2d 560, 570 (2007; State v. Gantt, 161 N.C. App. 265, 272, 588 S.E.2d 893, 898 (2003). DISMISSED in part; NO ERROR in part.
Judges WYNN and HUNTER concur.
Report Per Rule 30(e).
NOTES
[1] The heading to the first argument section in Defendant's brief contends that the trial court "stated that he would not sentence in the mitigated range due to factors that might arguably constitute aggravating factors but were neither admitted by the defendant nor found by the jury beyond a reasonable doubt . . . ." Similarly, Defendant argues that this Court should not grant the State's motion to dismiss on the grounds that, instead of challenging the sufficiency of the evidence to support his sentence, he really contends that the trial court inappropriately considered certain aggravating factors in declining to sentence Defendant below the presumptive range. A careful review of the argument actually made in the first section of Defendant's brief does not, however, reveal the presence of any claim that the trial court sentenced Defendant on the basis of "factors that might arguably constitute aggravating factors." As a result, we will treat the first argument advanced in Defendant's brief as nothing more than a contention that the trial court erroneously failed to find certain specified mitigating factors during the sentencing process.
[2] Although Hill alludes to the possibility that a convicted criminal defendant might obtain review of a sentencing issue like that advanced here by seeking the issuance of a writ of certiorari, 179 N.C. App. at 26, 632 S.E.2d at 792, this Court has held that it lacks authority to issue such a writ unless that action is permissible under N.C.R. App. P. 21, which limits this Court's authority to grant certiorari to instances in which "the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to [N.C. Gen. Stat. §] 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief." State v. Jamerson, 161 N.C. App. 527, 529, 588 S.E.2d 545, 547 (2003); State v. Nance, 155 N.C. 773, 775, 574 S.E.2d 692, 694 (2003); State v. Pimental, 153 N.C. App. 69, 76-77, 568 S.E.2d 807, 872 (2002), dis. rev. den., 356 N.C. 442, 573 S.E.2d 163 (2002); State v. Dickson, 151 N.C. App. 136, 137-38, 564 S.E.2d 640, 641 (2002). Even if we were to conclude that we had the authority to grant review of Defendant's claim pursuant to N.C.R. App. P. 21, we would decline to do so in the exercise of our sound discretion.
[3] In the event that the Defendant had the right to challenge the trial court's failure to find the mitigating circumstances in question before this Court, that challenge would be unsuccessful. N.C. Gen. Stat. § 15A-1340.16(c) (2007) provides that "[t]he court shall make findings of the aggravating and mitigating factors present in the offense only if, in its discretion, it departs from the presumptive range of sentences specified in [N.C. Gen. Stat. §] 15A-1340.17(c)(2) (2007)." Since the trial court sentenced the Defendant within the presumptive range and since this decision did not constitute an abuse of discretion, N.C. Gen. Stat. § 15A-1340.16(c) eliminated any necessity for the trial court to find the mitigating factors contended for by the Defendant before this Court. State v. Brown, 146 N.C. App. at 593-594, 553 S.E.2d at 430 (2001); State v. Chavis, 141 N.C. App. 553, 568, 540 S.Ed. 2d 404, 415 (2000) (no error when trial court imposed presumptive sentence despite undisputed mitigating evidence).