STATE OF NORTH CAROLINA v. RONNIE NORVEL MUNGO, Defendant

No. COA10-718

(Filed 19 July 2011)

## 1. Appeal and Error— no right of appeal—petition for certiorari—granted for one issue—denied for remaining issues

Defendant in a felonious breaking or entering, larceny after breaking or entering, safecracking, and habitual felon case failed to take timely action to preserve his right to appeal. Defendant's request to consider his brief as a petition for *certiorari* and allow review of the calculation of his prior record level was granted. As defendant had no right to appeal the remaining issues raised in his brief, defendant's request to review these by *certiorari* was denied.

## 2. Sentencing— prior record level—calculation not erroneous

The trial court did not err in a felonious breaking or entering, larceny after breaking or entering, safecracking, and habitual felon case in its calculation of defendant's prior record level.

Appeal by defendant from judgment entered on 8 February 2010 by Judge Yvonne Mims Evans in Superior Court, Mecklenburg County. Heard in the Court of Appeals 12 January 2011.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Larissa S. Williamson, for the State.*

*Hartsell & Williams, P.A., by Christy E. Wilhelm, for defendant-appellant.*

STROUD, Judge.

Defendant appeals on various grounds. For the following reasons, we find that the trial court did not err in calculating defendant's prior record level and dismiss defendant's other arguments on appeal.

## I. Background

Defendant was indicted for felonious breaking or entering, larceny after breaking or entering, safecracking, and obtaining the status of habitual felon. Defendant pled guilty to all of the charges against him. During defendant's plea hearing the State provided a copy of defendant's Division of Criminal Information ("DCI") record to the trial court and asked that he be sentenced as "a Prior Record

Level VI for habitual sentencing[.]" Defendant did not stipulate to his prior record level but also did not raise any objection to the prior record information, including his prior convictions, as presented by the State. Defendant did however disagree with the points calculated determining his prior record level, and after a lengthy discussion with both his attorney and the trial judge regarding how his points were calculated, the trial court agreed with the State and concluded that defendant had a prior record level of VI. The trial court sentenced defendant within the presumptive range to a minimum of 140 months and a maximum of 177 months imprisonment, with credit for 278 days of pretrial confinement. The trial court also recommended defendant pay $798.35 in restitution.

On 16 February 2010, the trial court made appellate entries noting that defendant had given notice of appeal. However, the transcript of defendant's plea does not indicate that defendant gave oral notice of appeal, and the record on appeal does not contain a written notice of appeal. Defendant's brief states that his appeal is taken pursuant to N.C. Gen. Stat. §§ 7A-27(b), 15A-1444(a1) and 15A-1444(a2), but also requests in the alternative that this Court treat his brief as a petition for certiorari pursuant to N.C. Gen. Stat. § 15A-1444(e).

## II. Right to Appellate Review

[1] Defendant raises five issues in his brief, but before addressing the substance of defendant's issues we must first determine whether defendant has a right to appeal or a corresponding right to review via a petition for certiorari as to each issue. Defendant contends that: (1) "there was insufficient evidence that . . . [defendant] understandingly and knowingly entered his plea[;]" (2) there was no admissible evidence to support the award of restitution; (3) his prior record level was calculated incorrectly; (4) he was denied effective assistance of counsel due to the trial court's denial of his motion to continue in order to allow him time to retain counsel; and (5) his constitutional rights to a fair and impartial trial were denied by the trial court's "inappropriate comments" about his prior record. (Original in all caps.)

N.C. Gen. Stat. § 7A-27(b) does not provide a route for appeals from guilty pleas, see N.C. Gen. Stat. § 7A-27(b) (2007), we thus turn to defendant's next basis for appeal N.C. Gen. Stat. § 15A-1444. N.C. Gen. Stat. § 15A-1444 provides in pertinent part:

> (a1) A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a mat-

STATE v. MUNGO

[213 N.C. App. 400 (2011)]

ter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.

(a2) A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:

(1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21;

(2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or

(3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.

. . . .

(d) Procedures for appeal to the appellate division are as provided in this Article, the rules of the appellate division, and Chapter 7A of the General Statutes. The appeal must be perfected and conducted in accordance with the requirements of those provisions.

(e) Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari. . . . . .

. . . .

(g) Review by writ of certiorari is available when provided for by this Chapter, by other rules of law, or by rule of the appellate division.

N.C. Gen. Stat. § 15A-1444 (2007).

Defendant has no right to appeal under N.C. Gen. Stat. § 15A-1444(a1), as his minimum sentence of imprisonment falls "within the presumptive range for the defendant's prior record or conviction level and class of offense." N.C. Gen. Stat. § 15A-1444(a1).

As to N.C. Gen. Stat. § 15A-1444(a2), this Court has noted that

> [a] plain reading of this subsection indicates that the issues set out may be raised on appeal by any defendant who has pled guilty to a felony or misdemeanor in superior court. However, we believe the right to appeal granted by this subsection is not without limitations.

> If a defendant who has pled guilty does not raise the specific issues enumerated in subsection (a2) and does not otherwise have a right to appeal, his appeal should be dismissed. Furthermore, if during plea negotiations the defendant essentially stipulated to matters that moot the issues he could have raised under subsection (a2), his appeal should be dismissed.

*State v. Hamby*, 129 N.C. App. 366, 369, 499 S.E.2d 195, 196 (1998).

Defendant has raised one issue regarding N.C. Gen. Stat. § 15A-1444(a2), particularly N.C. Gen. Stat. § 15A-1444(a2)(1); however, defendant has no right to appeal under N.C. Gen. Stat. § 15A-1444(a2) as to the other issues. Accordingly, as to all of defendant's issues except the one regarding calculation of his prior record, appellate review could be only by certiorari, under N.C. Gen. Stat. § 15A-1444(e). *See* N.C. Gen. Stat. § 15A-1444(e).

Pursuant to N.C. Gen. Stat. § 15A-1444(g), we now consider our own rules regarding certiorari. *See* N.C. Gen. Stat. § 15A-1444(g). Rule 21(a)(1) of the North Carolina Rules of Appellate Procedure governs when we may allow review by certiorari:

> The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.

N.C.R. App. P. Rule 21(a)(1).

As noted above, defendant has a right to appeal only as to the calculation of his prior record level. *See generally* N.C. Gen. Stat. § 15A-1444(a2)(1). However, though the record contains appellate entries, it provides no written notice of appeal, and the transcript does not contain an oral notice of appeal. Accordingly, defendant has lost his right to appeal through his failure to comply with North Carolina Rule of Appellate Procedure 4 which requires either oral or written notice of appeal. *See* N.C.R. App. P. 4(a); *see also State v. Hughes,* —— N.C. App. ——, ——, 707 S.E.2d 777, 778-79 (2011) ("[T]he fact that the record contains appellate entries does not, without more, suffice to show that Defendant properly appealed from the trial court's judgment to this Court. Thus, since the record simply does not establish that Defendant ever gave notice of appeal from the trial court's judgment as required by N.C.R. App. P. 4, we lack jurisdiction to consider Defendant's appeal, which must, therefore, be dismissed."). As defendant failed "to take timely action" to preserve his right to appeal, we grant defendant's request to consider his brief as a petition for certiorari and allow review of the issue as to the calculation of his prior record level. *See* N.C.R. App. P. 21(a)(1). As to the remaining issues raised in defendant's brief, defendant had no right to appeal from these issues, and we therefore deny defendant's request to review these by certiorari. *See* N.C. Gen. Stat. § 15A-1444; N.C.R. App. P. 21(a)(1).

### III. Prior Record Level

**[2]** Defendant argues that "the trial court erred in sentencing . . . [him] due to an error in the calculation of . . . [his] prior record level points." (Original in all caps.) We review the calculation

> of an offender's prior record level [as] a conclusion of law that is subject to *de novo* review on appeal. It is not necessary that an objection be lodged at the sentencing hearing in order for a claim that the record evidence does not support the trial court's determination of a defendant's prior record level to be preserved for appellate review.

*State v. Bohler,* 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009), *disc. review denied,* —— N.C. ——, 691 S.E.2d 414 (2010).

N.C. Gen. Stat. § 15A-1340.14(f) provides:

A prior conviction shall be proved by any of the following methods:

. . . .

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

. . . .

The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction. The original or a copy of the court records or a copy of the records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts, bearing the same name as that by which the offender is charged, is prima facie evidence that the offender named is the same person as the offender before the court, and that the facts set out in the record are true. For purposes of this subsection, "a copy" includes a paper writing containing a reproduction of a record maintained electronically on a computer or other data processing equipment, and a document produced by a facsimile machine. The prosecutor shall make all feasible efforts to obtain and present to the court the offender's full record. Evidence presented by either party at trial may be utilized to prove prior convictions.

N.C. Gen. Stat. § 15A-1340.14(f) (2007).

Defendant does not dispute that the DCI record as provided under N.C. Gen. Stat. § 15A-1340.14(f)(3) was submitted to the trial court or that the DCI record is inaccurate in any way. Accordingly, the State met its burden of proof under N.C. Gen. Stat. § 15A-1340.14(f)(3) as to defendant's prior convictions. *See* N.C. Gen. Stat. § 15A-1340.14(f)(3).

Specifically, defendant argues that (1) "[b]y using the H felonies for the habitual felon indictment and the G felonies for the prior record level, the State increased . . . [defendant's] prior record points by 12 instead of 8 record points[,]" and (2) "by using felonies for prior record point level calculations when convictions obtained the same week were used for habitual felon sentence enhancement, the State has violated the spirit of N.C. Gen. Stat. § 14-7.6 (2009)." However, as

to the two directly aforementioned issues defendant also notes, respectively that (1)

> this Court [in *State v. Cates*, 154 N.C. App. 737, 573 S.E.2d 208 (2002), *disc. review denied*, 356 N.C. 682, 577 S.E.2d 897, *cert. denied*, 540 U.S. 846, 157 L.Ed. 2d 84 (2003),] has previously determined that the legislature did not limit a prosecutor's discretion in choosing which prior felony convictions should be used for habitual felon calculations rather than prior record calculations, but nonetheless [defendant] requests this Court review this issue again in light of the prejudice to . . . [defendant] in this case[,]

and (2) "[c]ounsel acknowledges this Court's holding otherwise in *State v. Truesdale*, 123 N.C. App. 639, 473 S.E.2d 670 (1996), but respectively requests that this Court review the issue again in light of the substantial prejudice it creates for . . . [defendant's] sentencing purposes." In other words, defendant acknowledges that his arguments are contrary to case law, but asks that we reconsider his issues in light of his particular circumstances. We remind defendant that we are bound by our prior decisions. *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Accordingly, this argument is overruled.

### IV. Conclusion

For the reasons stated above, the trial court did not err in its calculation of defendant's prior record level and defendant's appeal as to any other issues arising out of his plea is dismissed.

NO ERROR IN PART; DISMISSED IN PART.

Judges CALABRIA and HUNTER, JR., Robert N. concur.