An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA14-61

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

   v.

TEVIN ZAKAR CRITE

Guilford County
Nos. 10 CRS 94650
     12 CRS 84462, 64, 66—69
     12 CRS 87109—10, 92372
     13 CRS 72224

Appeal by defendant from judgments entered 1 July 2013 by Judge Susan E. Bray in Guilford County Superior Court.  Heard in the Court of Appeals 30 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Kimberly N. Callahan, for the State.*

> *William D. Spence for defendant-appellant.*

BRYANT, Judge.

Where a review of the record pursuant to *Anders* reveals that defendant's appeal contains no issues of arguable merit, we affirm the judgment of the trial court.

On 1 July 2013, defendant Tevin Zakar Crite[1] pled guilty to six counts of obtaining property by false pretenses and one count each of possession with intent to sell or deliver cocaine, conspiracy to sell or deliver cocaine, possession with intent to sell or deliver marijuana, possession with intent to sell or deliver a counterfeit controlled substance, breaking and/or entering, larceny, possession of stolen goods, and assault with a deadly weapon inflicting serious injury. The trial court consolidated the convictions into three judgments, imposing consecutive active sentences of 25 to 42 months and 5 to 15 months, and a suspended sentence of 5 to 6 months and 18 months of supervised probation. Defendant filed a *pro se* written notice of appeal.

_____

At the outset, we must address the State's motion to dismiss the appeal and defendant's petition for writ of certiorari. On 10 July 2013, defendant filed a *pro se* document captioned "Appeal Sentences and Charges/Plea Agreement" in the trial court. The document did not identify the court to which

_____

[1] In judgment 10 CRS 94650, defendant's first name is spelled "Teven." On defendant's remaining judgments, his first name is spelled "Tevin." Defendant, on his hand-written notice of appeal, spelled his name as "Tevin." As such, this appeal gives defendant's first name as "Tevin."

defendant appealed and did not include proof of service on the State. Defendant asserts that although the document does not wholly comply with the requirements for written notice of appeal in a criminal case established by N.C. R. App. P. 4, it evinces his timely intent to appeal from the judgments, and he seeks a belated appeal.

"[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005). However, a writ of certiorari may be issued to permit review of the judgments and orders of trial tribunals "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1) (2013).

The State argues that the appeal should be dismissed and the petition should be denied because defendant pled guilty and only had a limited right to appeal. We note, however, that even in guilty plea cases, a defendant convicted of a felony has a statutory right to appellate review of certain aspects of the judgment. *See* N.C. Gen. Stat. §§ 15A-1444(a1)—(a2) (2013). Further, this Court has the authority to issue its writ of certiorari to permit belated appeals in guilty plea cases in support of a defendant's statutory right to appeal. *State v.*

*Mungo*, 213 N.C. App. 400, 404, 713 S.E.2d 542, 545 (2011). Accordingly, because defendant failed to enter sufficient notice of appeal, we allow the State's motion to dismiss the appeal; however, we exercise our discretion and grant defendant's petition for writ of certiorari to permit appellate review pursuant to N.C. R. App. 21 and N.C. Gen. Stat. § 7A-32(c) (2013).

_____

Counsel appointed to represent defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.

Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of

arguable merit appear therefrom. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous.

Affirmed.

Judges STROUD and HUNTER, Robert N., Jr., concur.

Report per Rule 30(e).