An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-393

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

    v.

WILLIAM TARRELL COOK

Durham County
No. 13 CRS 57905

On writ of *certiorari* to review judgment entered 19 September 2013 by Judge Paul C. Ridgeway in Durham County Superior Court. Heard in the Court of Appeals 25 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Amy Kunstling Irene, for the State.*
>
> *Kerri L. Sigler, for defendant-appellant.*

CALABRIA, Judge.

William Tarrell Cook ("defendant") appeals a judgment entered upon his plea of no contest to charges of assault on a female and interference with emergency communications. We affirm.

On 8 August 2013, an argument ensued between defendant and the mother of his children, Liane Chestnut ("Chestnut"). During

the course of the altercation, defendant grabbed Chestnut by the neck and applied pressure, bit Chestnut's finger, and kicked her when she fell to the floor. When Chestnut attempted to call 911, defendant grabbed her phone and removed the battery. Defendant was subsequently arrested and charged with assault by strangulation, assault on a female, and interference with emergency communication.

On 19 September 2013, defendant entered into a plea arrangement whereby he pled guilty to the charges of assault on a female and interference with emergency communication in exchange for dismissal of the charge of assault by strangulation. The trial court consolidated the two charges into one judgment and sentenced defendant to 150 days in the North Carolina Division of Adult Correction. That sentence was suspended, and defendant was placed on twelve months of supervised probation. Defendant filed a *pro se* notice of appeal on 25 September 2013.

As an initial matter, we must address defendant's notice of appeal. Defendant's appellate counsel acknowledges that defendant did not give oral notice of appeal after entering his plea, but instead filed a written *pro se* notice of appeal in the

trial court on 25 September 2013. Pursuant to N.C.R. App. P. 4 (2013), a written notice of appeal

> shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken; and shall be signed by counsel of record for the party or parties taking the appeal, or by any such party not represented by counsel of record.

In addition, the appealing party must serve copies of the notice "upon all adverse parties." *Id.*

In the instant case, defendant's notice of appeal did not identify the court to which defendant appealed and did not include proof of service on the State. "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005). However, a writ of *certiorari* may be issued to permit review of the judgments and orders of trial tribunals "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1) (2013).

Defendant contends that although his notice of appeal does not wholly comply with the requirements of our appellate rules, it still demonstrates his timely intent to appeal from the judgments, and he seeks a belated appeal. In response, the

State argues the petition should be denied because defendant pled no contest and thus only had a limited right to appeal.

However, even in cases where a defendant enters a plea of no contest and is convicted of a felony, he has a statutory right to appellate review of certain aspects of the resulting judgment. *See* N.C. Gen. Stat. § 15A-1444(a1) and (a2) (2013). Moreover, this Court has the authority to issue its writ of *certiorari* to permit belated appeals in support of a defendant's statutory right to appeal. *State v. Mungo*, 213 N.C. App. 400, 403, 713 S.E.2d 542, 544-45 (2011). Accordingly, while we find that defendant's notice of appeal was insufficient to invoke the jurisdiction of this Court, we elect to exercise our discretion to permit appellate review pursuant to N.C.R. App. 21 and N.C. Gen. Stat. § 7A-32(c) (2013).

Defendant's appellate counsel has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that she has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to

file written arguments with this Court and providing him with the documents necessary for him to do so.

Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous. Therefore, the trial court's judgment is affirmed.

Affirmed.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).