An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1279

Filed: 5 May 2015

STATE OF NORTH CAROLINA

v.

NICHOLAS JAMES SPRY

Guilford County

No. 13 CRS 68566

On writ of certiorari by defendant from judgment entered 25 November 2013 by Judge James M. Webb in Guilford County Superior Court. Heard in the Court of Appeals 17 April 2015.

> *Attorney General Roy Cooper, by Special Deputy Attorney General E. Burke Haywood, for the State.*

> *Russell J. Hollers III for defendant-appellant.*

TYSON, Judge.

Nicholas James Spry ("Defendant") appeals from judgment entered after he pled guilty to possession of heroin. Defendant contends the trial court erred by sentencing him as a prior record level III offender rather than as a prior record level IV offender. We affirm.

I. Background

Defendant pled guilty to possession of heroin, a Class I felony, on 7 November 2013. Defendant stipulated to the convictions listed on his prior record level worksheet, that he had eight prior record level points, and that he had a prior record level of III. The trial court accepted Defendant's plea and sentenced him to 6 to 17 months in prison, suspended the sentence, and placed Defendant on supervised probation for 36 months. One of the terms of Defendant's probation was to submit to electronic house arrest for no less than 18 months. On 8 November 2013, Defendant submitted a written notice of appeal to the trial court, but appellate entries were not entered at that time. On 3 April 2014, this Court allowed Defendant's petition for writ of certiorari to permit a belated appeal.

## II. Issues

In his sole argument on appeal, Defendant contends the trial court erred by relying on his stipulation to enter judgment based on a prior record level of III, when there was evidence of another conviction that would have elevated his prior record level to IV. Paradoxically, Defendant contends that increasing his prior record level would have benefited him by making him eligible for an active term of imprisonment, rather than an intermediate punishment, which would have been shorter than the period of electronic house arrest imposed by the trial court. We disagree.

## III. Standard of Review

The State bears the burden of proving the existence of a prior conviction by the preponderance of the evidence. N.C. Gen. Stat. § 15A-1340.14(f) (2013). One of the methods of meeting that burden includes a stipulation by the parties. *Id.* "While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them." *State v. Alexander*, 359 N.C. 824, 828, 616 S.E.2d 914, 917 (2005) (citations and internal quotation marks omitted). A prosecutor has the discretion to choose which prior convictions he submits to be included in a defendant's prior record level calculation. *State v. Mungo*, 213 N.C. App. 400, 406, 713 S.E.2d 542, 546 (2011).

## IV. Analysis

The trial court properly based its prior record level calculation on the parties' stipulation. Defendant contends that counsel's unsworn statements during the plea hearing regarding an out-of-county offense constituted a stipulation, but we are not persuaded. Although counsel did note the existence of the offense, he never made any statement indicating that he intended to stipulate to its existence for the purpose of calculating Defendant's prior record level. Instead, it appears the State and Defendant both omitted that offense from the prior record stipulation. The prosecutor also acknowledged that he was aware of the offense but did not list it on the

worksheet. Neither party objected to the omission of the offense from Defendant's prior record level stipulation, and their silence supports the trial court's reliance on the written stipulation. *Alexander*, 359 N.C. at 828, 616 S.E.2d at 917.

Defendant cannot demonstrate prejudice from the omission of the offense from his prior record level. Defendant contends that inclusion of the offense would elevate his prior record level from a III to a IV, making him eligible for an active term of imprisonment rather than an intermediate punishment. Defendant further contends that his 18-month term of house arrest is longer than the 17-month term of imprisonment he could have received as an active punishment.

## V. Conclusion

Although Defendant may be unhappy with electronic house arrest, he cannot reasonably claim he was prejudiced by the imposition of an intermediate punishment based on a lower prior record level rather than an active prison term based on a greater prior record level.

Presuming *arguendo*, Defendant should have been sentenced with a prior record level of IV, he was still eligible to be sentenced to an intermediate punishment. Defendant's calculation of his potential active sentence as a level IV offender is in error. Defendant could have received an active term of imprisonment longer than the 18-month term of house arrest. *See* N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2013) (in the

presumptive range, Defendant could have received a 19-month maximum).  The trial court's judgment is affirmed.

AFFIRMED.

Judges BRYANT and DIETZ concur.

Report per Rule 30(e).